[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Ohio Adult Parole Auth.*, Slip Opinion No. 2014-Ohio-4270.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4270

THE STATE EX REL. KEITH, APPELLANT, *v.* OHIO ADULT PAROLE

AUTHORITY ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets,

it may be cited as *State ex rel. Keith v. Ohio Adult Parole Auth.*,

Slip Opinion No. 2014-Ohio-4270.]

*Mandamus—Parole—Errors in inmate's records—When inmate makes credible*

*allegation that record contains errors, parole board has legal duty to*

*correct errors before considering inmate for parole—Writ granted.*

(No. 2013-1064—Submitted May 13, 2014—Decided October 7, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 12AP-408,

2013-Ohio-2514.

_____

LANZINGER, J.

{¶ 1} We reverse the judgment in this appeal of a mandamus case filed in the Tenth District Court of Appeals by an inmate, Bernard R. Keith.  Keith requested a writ ordering respondents, the Ohio Adult Parole Authority and

Cynthia Mausser, chair of the Ohio Parole Board (collectively, "OAPA"), to correct erroneous information in his records regarding the number of times Keith had been paroled. This erroneous number had appeared in a decision of the parole board following a February 17, 2012 hearing. Keith later identified other errors in his records. Keith also requested an order for a new parole hearing to consider the corrected information.

{¶ 2} Because the information regarding the number of times he had been paroled has been corrected, and because the parole board declined to modify its decision based on that corrected information, the court of appeals granted the OAPA's motion for summary judgment. However, the court below failed to consider Keith's additional assertions of error in his record. Having decided to offer a prisoner a parole hearing, the OAPA has the minimal obligation to conduct the hearing based on accurate information.

{¶ 3} We therefore reverse.

*Facts*

{¶ 4} Keith is an inmate at Richland Correctional Institution serving an indeterminate sentence. He asserts that under various rules and policies, the OAPA and the parole board have a legal duty to maintain the records of a prisoner's criminal history and related matters and to use those records in the determination of parole.

{¶ 5} In November 2011, Keith entered Lorain Correctional Institution to serve a six-month sentence. In December 2011, a hearing officer determined that Keith's previous parole should be revoked, and a parole release hearing was scheduled for February 2012.

{¶ 6} That hearing was held by video conference on February 17, 2012. The parole board denied Keith's parole and set the next parole hearing for 62 months later. In explaining its rationale, the board cited several factors and stated that Keith had been paroled eight times.

{¶ 7} Keith sent a letter to Mausser requesting that the decision be corrected to reflect the correct number of times he had been paroled and that the parole board grant him a new hearing. The board responded that Keith's request did not meet the standard for reconsideration of a board decision and that it would make no modification of the decision.

{¶ 8} On May 8, 2012, Keith filed this action in mandamus in the Tenth District Court of Appeals, requesting that the OAPA be compelled to correct the record and to provide Keith with a rehearing.

{¶ 9} The OAPA filed a motion to dismiss Keith's case, and Keith responded with a memorandum and a motion for summary judgment, to which two affidavits and several exhibits were appended. Keith then moved to supplement the pleadings with another affidavit and more exhibits, raising additional claims of further errors in his records.

{¶ 10} The OAPA responded with an affidavit by Mausser, in which she asserted that Keith's record had been corrected to reflect the correct number of times he had been paroled. She further asserted that after the correction was made, she had submitted the matter to the parole board to consider the correction. The board voted not to modify its previous decision and not to grant Keith a new hearing.

{¶ 11} A magistrate was appointed by the Tenth District, and on July 12, 2012, he granted Keith's motion to supplement the pleadings. The magistrate's order also converted OAPA's motion to dismiss into a motion for summary judgment and gave notice that both motions for summary judgment were set for a non-oral hearing on August 2, 2012.

{¶ 12} On the merits, the magistrate recommended that the court grant OAPA's motion for summary judgment and deny Keith's motion for summary judgment. The magistrate found that Keith had no constitutional, statutory, or inherent right to parole and no due-process right to the correction of errors that

appear in records used by the OAPA in parole determinations. The magistrate further found that even if Keith had the right to the correction of an error, his request was moot, as the OAPA records had been corrected to reflect that Keith has been paroled six times.

{¶ 13} Keith filed objections to the magistrate's decision, citing eight errors. The Tenth District adopted the magistrate's recommendations. The court of appeals overruled Keith's objections, finding that Mausser's affidavit established that the parole information had been corrected, that the parole board had seen the corrected information, and that the board had voted not to modify its previous decision or grant Keith a rehearing. The court of appeals concluded that the board had performed the acts sought in Keith's request for relief and that the magistrate was correct in declaring the case moot.

{¶ 14} Keith appealed the decision.

*Analysis*

{¶ 15} To prevail in this mandamus case, Keith must establish a clear legal right to the requested relief, a clear legal duty on the part of the OAPA to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Keith must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 16} Keith asserts five propositions of law. He asserts that the court of appeals (1) failed to address all his claims, (2) incorrectly determined the issues for review, (3) engaged in a flawed analysis of the issues, (4) abused its discretion in granting the OAPA's motion for summary judgment, and (5) abused its discretion in assessing costs to Keith.

{¶ 17} In his first proposition of law, Keith asserts that the court of appeals failed to consider all his claims as presented. Keith is correct; the court of appeals granted his motion to supplement the pleadings, including the complaint.

Because Keith was allowed to supplement the complaint, Keith's assertions of additional errors in his parole records are at issue and should have been considered by the court of appeals.

{¶ 18} Keith also asserts that the procedure used during his parole hearing was improper in that the information used was erroneous, and the OAPA should have known it was incorrect.

{¶ 19} A prisoner has no constitutional or statutory right to parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.,* 81 Ohio St.3d 267, 268, 690 N.E.2d 887 (1998). Because there is no such right, a prisoner who is denied parole is not deprived of liberty as long as state law makes the parole decision discretionary. *Id.* at 125. Under R.C. 2967.03, the parole decision in Ohio is discretionary. *Id.* And we have held that because a potential parolee was not deprived of life, liberty, or property by being denied parole, he could not invoke due process to challenge his allegedly inaccurate scoresheet. *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 126, 630 N.E.2d 696 (1994). Therefore, relying upon that authority, the court of appeals was not unreasonable in concluding that the parole board had no clear legal duty to correct Keith's records. *Id.*

{¶ 20} Keith cites *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, to support his argument that he has a right to a corrected record. In that case, the OAPA used a formula for projecting an inmate's earliest possible release on parole. The formula relied on two numbers, one of which reflected the inmate's "offense category score." The inmates in *Layne* had been assigned incorrect offense category scores, resulting in potential release dates that were substantially later than the dates that would have resulted from the correct scores. We held that by assigning each inmate a score corresponding to an offense more serious than the offense for which he was actually convicted, the OAPA breached the state's plea agreement with the inmate. *Id.* at ¶ 25.

**{¶ 21}** While none of the errors alleged here breached a plea agreement as they did in *Layne*, *Layne* establishes a minimal standard for the OAPA, that is, that statutory language "ought to mean something." *Id.* at ¶ 27. At issue in *Layne* were the words "eligible for parole" in former R.C. 2967.13(A). We held there that inherent in the language is "the expectation that a criminal offender will receive meaningful consideration for parole." *Id.*

**{¶ 22}** Here, the language at issue involves the procedures relating to parole of a prisoner. The regulation setting forth the procedure for parole requires that in deciding on release of an inmate, the parole board is to consider numerous factors, including:

> (1) Any reports prepared by any institutional staff member relating to the inmate's personality, social history, and adjustment to institutional programs and assignments;

> (2) Any official report of the inmate's prior criminal record, including a report or record of earlier probation or parole;

> (3) Any presentence or postsentence report;

> (4) Any recommendations regarding the inmate's release made at the time of sentencing or at any time thereafter by the sentencing judge, presiding judge, prosecuting attorney, or defense counsel and any information received from a victim or a victim's representative;

> (5) Any reports of physical, mental or psychiatric examination of the inmate;

> (6) Such other relevant written information concerning the inmate as may be reasonably available, except that no document related to the filing of a grievance under rule 5120-9-31 of the Administrative Code shall be considered;

(7) Written or oral statements by the inmate, other than grievances filed under rule 5120-9-31 of the Administrative Code.

Ohio Adm.Code 5120:1-1-07(B). As in *Layne*, this language "ought to mean something."

{¶ 23} Inherent in the language of Ohio Adm.Code 5120:1-1-07(B) is that the board must consider various reports and "other relevant written information" pertaining to the inmate whose parole is being considered. The existence of this formal process for considering parole rightly gives parolees some expectation that they are to be judged on *their own* substantively correct reports. Requiring the board to consider specific factors to determine the parolee's fitness for release would not mean anything if the board is permitted to rely on incorrect, and therefore irrelevant, information about a particular candidate.

{¶ 24} Our decision today does not overrule the holding in *Henderson,* 81 Ohio St.3d 267, 690 N.E.2d 887, and similar cases. Keith and other prisoners still have "no constitutional or statutory right to parole." *Id.* at 268. *See also State ex rel. Seikbert v. Wilkinson,* 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). A state may set up a parole system, but it has no duty to do so. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Having established a parole system, the state may design that system to be entirely discretionary, and the state "may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Id.* at 8. Moreover, there need be no "prescribed or defined combination of facts which, if shown, would mandate release on parole." *Id.* As mentioned above, Ohio's system is entirely discretionary and creates no expectation of parole and no due-process right to parole itself.

{¶ 25} However, having set up the system and defined at least some of the factors to be considered in the parole decision, the state has created a minimal

due-process expectation that the factors considered at a parole hearing are to be as described in the statute or rule and are to actually and accurately pertain to the prisoner whose parole is being considered.

{¶ 26} We recognize that the OAPA's discretion in parole matters is wide-ranging. *Layne,* 97 Ohio St.3d 456, 2002-Ohio- 6719, 780 N.E.2d 548, ¶ 28, citing *State ex rel. Lipschutz v. Shoemaker*, 49 Ohio St.3d 88, 90, 551 N.E.2d 160 (1990). R.C. 2967.03 vests discretion in OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However, as in *Layne*, that discretion must yield to statutory or regulatory requirements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate.

{¶ 27} This is not to say that the OAPA must conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy, nor does it mean that the OAPA must credit every unsupported allegation by a prisoner that the information is inaccurate.

{¶ 28} But where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner.

{¶ 29} Here, Keith's assertions go beyond mere allegation. For example, he points out that a memorandum of August 12, 2010 from Ohio Department of Rehabilitation and Correction employee Lora Turjanica indicates that Keith had been continuously incarcerated from May 1991 until May 2000. This makes it impossible for him to have been permitted to "remain on supervision" in July 1992 despite a parole violation, as asserted in OAPA member Trayce Thalheimer's letter of June 5, 2012.

**{¶ 30}** Thus, Keith has made a showing that there may be substantive errors in his record that may influence the OAPA's consideration of his parole. There is no evidence on the record that any error beyond the number of times Keith was paroled has been corrected. OAPA must therefore conduct an investigation into Keith's allegations and correct any substantive errors discovered in the record it uses to consider him for parole.

**{¶ 31}** To the extent this decision conflicts with our decision in *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 630 N.E.2d 696, that case is hereby overruled. However, we emphasize as we did in *Layne*, that the OAPA, when considering an inmate for parole, still retains its full discretion to consider anything relating to the prisoner's record and circumstances, as well as any other factors the OAPA deems relevant.

*Conclusion*

**{¶ 32}** The OAPA has and retains wide-ranging discretion in parole matters. A prisoner lacks any constitutional or statutory right to parole. However, having established a parole system, and having put in place statutory and regulatory language requiring the OAPA to consider relevant information regarding a prisoner it is considering for parole, the state has created a minimal due-process expectation that the information will actually and accurately pertain to the prisoner whose parole is being considered. Therefore, where a credible allegation of substantive inaccuracies in a prisoner's record is made, the OAPA is obligated to correct those errors before considering the inmate for parole. We therefore reverse and grant a writ ordering appellees to investigate Keith's allegations and correct any substantive errors in the record used to consider him for parole.

Judgment reversed,

and writ granted.

O'CONNOR, C.J., and PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents without opinion.

_____

Bernard R. Keith, pro se.

Michael DeWine, Attorney General, and Gene D. Park, Assistant Attorney General, for appellees.

_____