[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDermott v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-9242.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9242

THE STATE EX REL. MCDERMOTT, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDermott v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-9242.]

*Mandamus—Inmate failed to show that Adult Parole Authority has clear legal duty to hold new parole hearing prior to next regularly scheduled hearing— Court of appeals' denial of writ affirmed.*

(No. 2017-0369—Submitted September 26, 2017—Decided December 27, 2017.)

APPEAL from the Court of Appeals for Franklin County,

No. 16AP-208, 2017-Ohio-754.

_____

**Per Curiam.**

{¶ 1} We affirm the Tenth District Court of Appeals' denial of the petition for a writ of mandamus filed by appellant, John P. McDermott. That court correctly held that McDermott is not entitled to a writ of mandamus to compel appellee, Ohio

Adult Parole Authority ("APA"), to correct alleged inaccuracies in its records and to hold a new parole hearing.

**Facts and Procedural History**

**{¶ 2}** In 1981, McDermott was convicted of a Geauga County murder and was sentenced to life in prison with parole eligibility after 15 years. The APA has denied McDermott parole several times.

**{¶ 3}** McDermott's most recent parole hearing was held on August 14, 2015. The parole board's written decision and the minutes from the hearing indicate that the board considered the mandatory factors listed in Ohio Adm.Code 5120:1-1-07 and found "substantial reason to believe that due to the serious nature of the crime, the release of [McDermott] into society would create undue risk to public safety, or * * * would not further the interest of justice or be consistent with the welfare and security of society." The parole board provided the following rationale for denying parole:

> The offender brutally stabbed the female victim to death while her minor children were in the house. He has completed programming, but lacks insight from said programming. The offender has gone some time without an infraction and does have a supportive family. After considering all relevant factors, the offender is not suitable for release and is continued 36 months.

**{¶ 4}** On March 21, 2016, McDermott filed in the Tenth District Court of Appeals a petition for a writ of mandamus to which he attached several exhibits, alleging that the APA had considered inaccurate information when denying him parole in 2012 and in 2015. He contends that the APA had based its decisions to deny parole on its erroneous belief that he had a history of stalking the victim and that he violated a protection order when he entered the victim's home at the time of

2

the murder. He seeks an order compelling the APA to correct "this false material" and provide him a "new and meaningful hearing completely free of any influence generated by these falsehoods."

**{¶ 5}** The case was referred to a magistrate, who recommended that the writ be denied because McDermott "is not able to establish by clear and convincing evidence that [the APA] is considering inaccurate evidence and denying him parole based on that inaccurate evidence." 2017-Ohio-754, ¶ 47.

**{¶ 6}** The court of appeals adopted the magistrate's findings of fact and conclusions of law and denied the requested writ of mandamus. *Id*. at ¶ 17.

**Analysis**

**{¶ 7}** To obtain a writ of mandamus, McDermott must establish that (1) he has a clear legal right to the requested relief, (2) the APA has a clear legal duty to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24. He must prove entitlement to the writ by clear and convincing evidence. *Id*.

**{¶ 8}** McDermott contends that the court of appeals erred in holding that he failed to present clear and convincing evidence showing that the APA relied on erroneous information in denying him parole in 2012. He reasons that had the APA not erroneously denied him parole in 2012, the 2015 hearing would not have taken place. Thus, he asserts that *State ex rel. Keith v. Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, requires the APA to redo the 2012 hearing. He also argues that the court of appeals erred by rejecting his claim that "the [APA] falsely reported to the General Assembly that he violated a protection order when he went to the victim's residence and murdered her," 2017-Ohio-754 at ¶ 12.[1]

---

[1] McDermott's petition seeks no relief relating to his separate claim based on alleged inaccuracies in the Ohio Department of Rehabilitation and Correction's 2011 report to the General Assembly regarding inmates over the age of 65 who were eligible for parole. Thus, the court of appeals correctly rejected this claim as a basis for mandamus relief. Moreover, as explained herein, McDermott has not shown that the APA's record contained any inaccurate information.

**{¶ 9}** In *Keith*, we held that "in any parole determination involving indeterminate sentencing, the [APA] may not rely on information that it knows or has reason to know is inaccurate." *Keith* at ¶ 26. We limited the APA's obligation, however, stating that it has no duty to "conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy" and that the APA need not "credit every unsupported allegation by a prisoner that the information is inaccurate." *Id.* at ¶ 27. The APA's obligation to "investigate and correct any significant errors" in the prisoner's record arises when the APA is presented with "credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate." *Id.* at ¶ 28.

**{¶ 10}** Contrary to McDermott's allegations, the evidence does not demonstrate that his APA record contained inaccurate information such that the APA would be "obligated to correct those errors before considering the inmate for parole," *id.* at ¶ 32. Accordingly, McDermott cannot demonstrate that the APA relied on inaccurate information when it denied him parole in 2015.

**{¶ 11}** And, even assuming that *Keith* applies to McDermott's 2012 parole hearing,[2] he failed to submit credible evidence to support his allegation that the APA relied on inaccurate information when it denied parole in 2012. The APA denied parole in 2012 on the grounds of "the well-documented history of stalking, violence and threats toward the victim that suggests an inability to control [McDermott's] behavior, and a lack of acknowledgement of this history through his failure to sufficiently address it" as well as "the extensive, significant and ongoing victim impact."

**{¶ 12}** To support his allegations that he had no history of stalking the victim and that there was no protective order in place at the time of the murder, McDermott attached to his mandamus petition two letters from the Chardon

---

[2] The APA contends that *Keith* does not apply retroactively, but given our ruling that McDermott is not entitled to a writ of mandamus, it is unnecessary for us to address that argument.

Municipal Court.  In the first letter, the municipal court stated that a search of its records revealed no "information on a protection order" in relation to his criminal case.  But the letter further states that because the "case number given indicates that it would be found in [the] court of common pleas * * * you would need to contact their office to request that information."  The second letter from the municipal court indicates that a search of its docket and records had uncovered no charges against McDermott involving stalking in 1979 or 1980.  But the letter further states that "[a]s for the protection order that may or may not have been filed against you, those records would be located and kept in the Geauga County Common Pleas Court."  Although McDermott alleges that he obtained from the Geauga County Court of Common Pleas a document supporting his allegations, the record does not contain such a document.

{¶ 13} Consequently, McDermott has not shown that the APA's justifications for denying parole were substantively inaccurate.  Thus, McDermott failed to show that the APA has a clear legal duty to hold a new parole hearing prior to his next regularly scheduled hearing.

{¶ 14} The court of appeals did not err by denying McDermott's requested writ of mandamus.  We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

John P. McDermott, pro se.

Michael DeWine, Attorney General, and Zoe A. Lamberson, Assistant Attorney General, for appellee.

_____