Fischer, J., concurring in part and dissenting in part.
{¶ 21} I respectfully concur in part and dissent in part. The lead opinion misunderstands this court's holding in State ex rel. Keith v. Adult Parole Auth. , 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, and purports to fashion a *533 new test for so-called Keith claims that, in practice, is not likely to be satisfied in any case. While I agree with the lead opinion that the second, third, fourth, and fifth errors alleged by appellant, Michael Cobb, as to his parole file are unavailing, I would hold that he is entitled to mandamus relief in connection with his first alleged error.
{¶ 22} Keith was an attempt to balance two potentially conflicting interests. On the one hand, this court recognized that parole applicants have "a minimal due-process expectation that the factors considered at a parole hearing are to be as described in the statute or rule and are to actually and accurately pertain to the prisoner whose parole is being considered." (Emphasis added.) Id. at ¶ 25. On the other hand, the court stated that the Ohio Adult Parole Authority ("OAPA") should not be required to investigate and correct every allegation of an inaccuracy in an inmate's parole file, however minor or debatable. The court therefore held that when "there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." Id. at ¶ 28.
{¶ 23} Keith does not define the key phrases, "substantively inaccurate" and "significant errors," but the terms are not difficult to understand. Information is "inaccurate" when it "contain[s] a mistake or error." Webster's Third New International Dictionary 1139 (2002). And the modifier "substantively" means "considerabl[y] in amount or number." Id. at 2280. Likewise, an "error," also known as a "mistake," is "[a]n assertion that does not conform to objective reality; a belief that what is false is true or that what is true is false," Black's Law Dictionary 659 (10th Ed.2014), and an error is "significant" when it is "[o]f special importance" or "momentous," id. at 1594. Thus, the court concluded in Keith that when there are "credible allegations " (emphasis added), supported by evidence, that a parole file contains mistakes that are of some significance (i.e., nontrivial), a writ of mandamus will issue to compel the parole authorities to investigate and, if necessary, correct the records. Keith at ¶ 28.
{¶ 24} Applying that standard, I agree with the lead opinion that Cobb's second, third, fourth, and fifth alleged errors do not constitute "significant errors." However, I would hold that his first alleged error does satisfy the Keith standard.
{¶ 25} The factual summary of Cobb's offenses contained in the Ohio Parole Board Information Sheet states that before he shot the victim, he and his father "began assaulting the victim with the butt of a gun, their fists, and their feet." However, the victim's autopsy report does not *1198 mention any external injury or trauma other than the bullet wound. Thus, Cobb has offered evidence to suggest that the parole board's understanding of the facts of his crimes may have been *534 incorrect. The board is required , as part of its parole decision, to take into account "the serious nature of the crime." Ohio Adm.Code 5120:1-1-07(A)(2). Cobb's first alleged error is therefore "significant," in the sense that it relates to a material portion of the parole board's analysis and would likely color the view of a reasonable reader by making Cobb's offenses, which were ruthless and brutal, appear to be of an even higher degree of ruthlessness and brutality. I would therefore grant a writ of mandamus to compel the parole board to reexamine Cobb's parole file and if the description of his assault of the victim is false, to correct it and conduct a new parole hearing.
{¶ 26} The lead opinion reaches a different result in reliance on a dictionary definition of the wrong phrase from Keith . After stating its holding, the Keith court went on to conclude that Bernard Keith, the inmate in that case, had shown that "there may be substantive errors in his record that may influence the OAPA's consideration of his parole"; this court then ordered the OAPA to correct any such "substantive errors." 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, at ¶ 30. Citing Black's Law Dictionary , the lead opinion in this case equates the term "substantive error" with the term "substantial error" and therefore concludes that each of Cobb's alleged parole-file errors must be reviewed "to determine whether there is a reasonable possibility that but for the alleged error, the parole board would have reached a different decision." Lead opinion at ¶ 8-9, citing Black's Law Dictionary at 660.
{¶ 27} But Keith does not require an inmate to prove a "substantive error" to obtain relief; it merely notes that Keith had in fact done so, going above and beyond what was required. The requirement that an inmate meet a "but for" evidentiary threshold was not part of the Keith holding, as demonstrated by the fact that the court in Keith did not undertake in that case to analyze whether, but for the misstatement of the number of times Keith had previously been granted parole, he would have been granted parole at the hearing at issue. Moreover, it is unclear whether the record in this case is sufficient to allow us to render a judgment on but-for causation, were we inclined to do so.
{¶ 28} In short, Keith was a case about whether an inmate was entitled to have the parole authorities take a second look at the contents of his parole file , not a case about whether he was actually entitled to parole. In the single sentence quoted above, the lead opinion conflates the two issues.
{¶ 29} Purporting to apply this new test, the lead opinion adopts a standard that would effectively make it unlikely for an inmate to ever prevail on a Keith claim:
*535 [W]e do not hold that an inmate can never establish a meritorious Keith claim unless the alleged error is specifically referred to in the parole board's decision.
The question is whether the alleged error, supported by evidence, may have affected the outcome of the parole hearing. See Keith [141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132] at ¶ 28, 30. Because it is apparent here that the parole board did not rely on the alleged inaccuracy in analyzing the Ohio Adm.Code 5120:1-1-07(A) factors and reaching its decision, Cobb has not made a credible allegation of a substantive error.
*1199 (Emphasis sic.) Lead opinion at ¶ 12-13. Why is it "apparent" that the parole board did not rely on the inaccurate information alleged by Cobb in reaching its decision? In denying Cobb relief, the court of appeals emphasized the absence in the parole board's written rationale of the allegedly inaccurate information, 2017-Ohio-1170, 2017 WL 1180653, ¶ 17, but the above-quoted portion of the lead opinion expressly disclaims any requirement of express reliance.
{¶ 30} Nevertheless, the lead opinion concludes that the fact that the parole board articulated some other justification for its decision is proof that the board did not rely on the allegedly inaccurate information. Thus, the two sentences quoted above effectively contradict each other: so long as the parole board gives some explanation for its denial that does not include a reference to the allegedly inaccurate information, an inmate's suit for mandamus relief to correct allegedly false information in his parole file can never succeed, no matter how consequential or inflammatory the information appears to be. This is, to say the least, a significant departure from the spirit and language of Keith .
{¶ 31} As a final note, I acknowledge that we recently characterized the holding of Keith as "requiring 'a showing that there may be substantive errors in [the inmate's] record that may influence the [OAPA's] consideration of his parole.' " (First brackets sic.) State ex rel. Keith v. Dept. of Rehab. & Corr. , 153 Ohio St.3d 568, 2018-Ohio-3128, 109 N.E.3d 1171 (" Keith II "), quoting Keith at ¶ 30. However, based on the above analysis, I believe that this statement in Keith II presents an inaccurate reading of Keith and should not be followed. Instead, we should follow the key holding of Keith : "where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." Keith at ¶ 28.
{¶ 32} I therefore dissent from the court's denial of a writ of mandamus that would order the OAPA to investigate Cobb's first alleged error and, if the error exists, to correct it and hold a new parole hearing.
French, J., concurs in the foregoing opinion.