[Cite as *State ex rel. Holman v. Ohio Adult Parole Auth.*, 2022-Ohio-1251.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. James M. Holman,    :

       Relator,                        :             No. 20AP-303

v.                                 :         (REGULAR CALENDAR)

Ohio Adult Parole Authority,           :

       Respondent.              :

---

D E C I S I O N

Rendered on April 14, 2022

---

**On brief:** *James M. Holman*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for respondent.

---

IN MANDADMUS AND PROHIBITION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, James M. Holman, seeks writs of prohibition and mandamus ordering respondent, the Ohio Adult Parole Authority ("OAPA") to vacate the results of his parole hearing held in 2016, and to order a new hearing representing the hearing he alleges should have been held in 2018. Relator specifically argues that by the terms of his sentence the OAPA was not authorized to hold a hearing and determine that his incarceration would be continued until 2018, and that therefore the parole hearing it held in 2016 should be deemed a nullity.

{¶ 2} After filing, and pursuant to App.R. 34, Civ.R. 53, and Loc.R.13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On November 8, 2021, the magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended that this court issue a limited writ of mandamus

to order the OAPA's Bureau of Sentence Computation ("BOSC") to recalculate Holman's prison sentence and parole eligibility date. The magistrate declined to recommend the issuance of a writ ordering the OAPA to compel a new parole hearing or to prohibit the OAPA from abiding by the results of Holman's 2016 parole eligibility hearing, which continued his incarceration until 2024 and set his next parole hearing for that time. (Mag.'s Decision at ¶ 39.)

{¶ 3} Relator has filed timely objections to the magistrate's decision, and "objects to the Magistrate's conclusions" as follows:

> (1) The Relator is not entitled to a Writ of Mandamus ordering a new parole hearing on that basis [sic];
>
> (2) OAPA does not patently lack jurisdiction to proceed under the results of the 2016 parole hearing and thus the Writ of Prohibition will not lie;
>
> (3) No order prohibits implementation of that (2016) continuance; [and]
>
> (4) There is little specific authority in Ohio Law of Respondent's "lack of jurisdiction" to hold a premature parole hearing and never holding a parole hearing [sic] pursuant to the lawful order/entry set and imposed by the Relator's trial court, who had jurisdiction, all other applicable statutes, regulations, and case law mandate by the Ohio Supreme Court.

(Relator's Objs. at 1-2.) In summary, relator's argument is OAPA can only hold parole hearings as authorized by law, that an early parole hearing is not authorized by law and is therefore a nullity, that because his 2016 hearing is a nullity relator has never had a parole hearing authorized by law, that as the magistrate recognized, relator was entitled to a "first parole release consideration hearing" in 2018, and because he did not have a parole hearing in 2018 that was authorized by law, relator is entitled to a new parole hearing.

{¶ 4} The OAPA has responded to relator's objections and requested that his action be dismissed as moot. The OAPA asserts that it has already complied with the magistrate's order to correct relator's initial parole eligibility date to 2018 and argues that his next consideration for parole should remain set for 2024 because "[h]ypothetically, if Holman's next parole release consideration proceeding was recalculated based on his correct first parole eligibility date, April 1, 2018, rather than the erroneous September 18, 2016 date, his

proceedings would be extended out another two years." (Respondent's Mot. to Dismiss and Response to Relator Objs, at 3.)

{¶ 5} On review, we conclude that relator's objections are without merit, and accept the magistrate's analysis that relator was entitled to a limited writ of mandamus to correct his sentencing records. First, as the magistrate correctly observed, in *Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 28, the Supreme Court of Ohio held that inmates eligible for release must receive "meaningful consideration" for release, and that "[w]here there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." The magistrate concluded that relator "in essence * * * offers a 'reverse *Keith*' proposition," in that the OAPA relied on inaccurate information to grant him a parole hearing in the first instance. For that reason, the magistrate correctly indicated that BOSC needed to recalculate Holman's initial parole eligibility date. (Mag.'s Decision at ¶ 28.) And as the OAPA points out in its response to Holman's objections, BOSC has now done that. (Respondent's Mot. to Dismiss and Response to Relator's Objs. at 2.)

{¶ 6} Insofar as the relator has argued the OAPA "lacked jurisdiction" to hold a parole hearing and therefore his 2016 hearing is a nullity, his argument is unconvincing. The magistrate correctly observed that the only authority even tangentially addressing the question reached the directly opposite conclusion—that the OAPA had jurisdiction to hold an early hearing. *See State v. Pasturzak*, 4th Dist. No. 01CA2822, 2003-Ohio-1085, ¶ 25, *jurisdictional motion overruled*, 99 Ohio St.3d 1410, 2003-Ohio-2454 (holding that an early parole did not breach appellant's plea agreement, as the parole board's decision to deny parole "has not changed appellant's eligibility for parole, only when the parole board will consider appellant for parole").

{¶ 7} We believe the *Pasturzak* approach is sound. The issue presented by relator's petition is simply whether the OAPA had the authority to hold an early parole hearing for him, and we hold that it did. While the OAPA did not have the authority to release relator at the time of that hearing in 2016, it still could have awarded him release at the true expiration of his minimum sentence in 2018. Accordingly, the magistrate correctly observed that "whereas a prisoner has no constitutional right to parole before expiration of his maximum sentence, the state does have a statutory right to see an inmate serve his full

minimum sentence." (Mag.'s Decision at ¶ 37.) The only logical conclusion is that the state's right does not constrict the date of an inmate's parole hearing, but rather the date of the inmate's actual release on parole.

{¶ 8} Relator relies on *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, to argue that the sentence imposed by the trial court is the only sentence that can be executed by Ohio Department of Rehabilitation and Correction, and contends that under *Fraley*, the OAPA had no authority to hold an early parole hearing. But that is not what *Fraley* suggests—as applied to this case, *Fraley* simply means exactly what we now hold—that relator would not have been entitled to release on parole in 2016, as at that time he had served less than the minimum sentence imposed by the trial court. The OAPA could theoretically have decided to grant relator parole in 2016 because his sentence did not mandate any particular dates for parole release consideration hearings; rather, it simply required that he could not be actually released on parole until 20.5 years had expired.

{¶ 9} Following an independent review of the magistrate's decision and the relator's objections, we find the magistrate has determined the pertinent facts and properly applied the relevant law. For the reasons set forth in the magistrate's decision and those expressed herein, relator's objections filed November 19, 2021 lack merit.

{¶ 10} However, we need not issue a formal decision overruling those objections. Because relator's initial release date was recalculated by BOSC and the OAPA on November 22, 2021, and because no further relief has been or will be ordered by this court, respondent's motion to dismiss as moot must be sustained. "Neither mandamus nor procedendo will lie to compel an act that has already been performed." *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1. Accordingly, we decline to issue the recommended writs, as relator has already received all relief to which he is entitled.

{¶ 11} Based on the foregoing, relator's petition for writs of mandamus and prohibition are dismissed as moot. Respondent's motion to dismiss is granted, and this action is dismissed.

*Petition for writs of mandamus*
*and prohibition dismissed.*

KLATT and MENTEL, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. James M. Holman,           :

       Relator,                          :

v.                                       :          No.  20AP-303

                                     :

Ohio Adult Parole Authority,             :      (REGULAR CALENDAR)

       Respondent.                       :

                                       :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 8, 2021

---

*James M. Holman*, pro se.

*Dave Yost,* Attorney General, and *Mark W. Altier,* for respondent.

---

IN MANDAMUS AND PROHIBITION

**{¶ 12}** Relator, James M. Holman, seeks writs of mandamus and prohibition ordering respondent, Ohio Adult Parole Authority ("OAPA"), to "stop any future unauthorized exercise of jurisdiction/statutory authority and to correct/vacate the prior jurisdictionally unauthorized actions taken by the Respondent."  (Complaint at 3.) Specifically, relator complains that respondent gave him a parole hearing in 2016, when the terms of relator's sentence would not have made him eligible until 2018.  Relator asserts that respondent's premature denial of his parole in 2016 was undertaken without statutory authority, the results of that hearing should accordingly be vacated, and a new hearing granted representing the hearing he should have had in 2018.

Findings of Fact:

{¶ 13}  1. Relator is an inmate in the custody of Ohio Department of Rehabilitation and Correction ("ODRC") at Pickaway Correctional Institution as of the time of the filing of his complaint on June 3, 2020.

{¶ 14}  2. Respondent OAPA is a division of ODRC with the duty and authority to address inmate parole, release, and revocation proceedings pursuant to R.C. 5149.01 et seq. OAPA maintains its principal offices in Franklin County, Ohio, as does ODRC.

{¶ 15}  3. The Bureau of Sentence Computation ("BOSC") is a division of ODRC which, in conjunction with or as part of the Bureau of Records Management ("BORM"), maintains inmate judicial and institutional records that it uses, among other purposes, to compute release dates and parole eligibility dates for inmates.

{¶ 16}  4. Relator was sentenced in two separate criminal cases.  On March 6, 1996, relator pleaded guilty to one count of trafficking in marijuana, in violation of R.C. 2925.03, and received a sentence of 18 months imprisonment in Franklin C.P. No. 95CR-4421.  The trial court suspended the sentence subject to terms and conditions of three years' probation commencing April 19, 1996.

{¶ 17}  5. By entry filed January 7, 1999, the judge in Franklin C.P. No. 95CR-4421 noted relator's conviction in other criminal proceedings as outlined below, revoked relator's probation as follows:

> The Court considered all matters required by Section 2929.12 and 2951.02 of the Ohio Revised Code, and it was the sentence of Court that the Defendant pay the costs of the prosecution and serve a EIGHTEEN (18) MONTHS DETERMINATE sentence at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS. Sentence was suspended pursuant to the terms and conditions of probation for a period of THREE (3) years from April 19, 1996.
>
> On DECEMBER 21, 1998 upon stipulated violations of said probation it is hereby ordered that probation be revoked and the balance of the original sentence be imposed.
>
> The Defendant is to receive 3 days jail time credit towards his sentence. The Defendant is to receive jail time credit for all additional jail time served, while awaiting transportation to the institution, from the date of imposition of sentence.

(Emphasis sic.)

{¶ 18} 6. The Franklin County Grand Jury returned an indictment filed October 6, 1997 indicting relator for a murder occurring on September 20, 1997 with a firearm specification and a related count of having a weapon under disability. The matter proceeded as Franklin C.P. No. 97CR-5534. (Relator's Ex. 2.)

{¶ 19} 7. After a bench trial conducted on December 7, 1998, the court found relator guilty of murder with a firearm specification in violation of R.C. 2903.02 and having a weapon while under disability in violation of R.C. 2923.13. (Relator's Ex. 1.)

{¶ 20} 8. In a sentencing entry filed December 29, 1998, the court sentenced relator to a term of 15 years to life on the murder count, 12 months on the weapon under disability count, and 3 years actual incarceration on the firearm specification, all terms to be served consecutively with each other and with the sentence imposed pursuant to revocation of probation in Franklin C.P. No. 95CR-4421. The court found that relator was entitled to 440 days of jail time credit.

> The court hereby imposes the following sentence: **FIFTEEN (15) YEARS TO LIFE IMPRISONMENT** as to count one and **TWELVE (12) MONTHS** as to count two, with count two served **CONSECUTIVELY** to count one with an additional **THREE (3) YEARS ACTUAL INCARCERATION** for use of a firearm, which is to be served **CONSECUTIVELY** with and prior to the sentence imposed for count one and served at **THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS**. This sentence shall be served **CONSECUTIVELY** to the 18-month sentence imposed in Case No. 95CR-4421.

(Emphasis sic.)

{¶ 21} 9. Respondent filed certified evidence in this mandamus action including the affidavit of Barb Pond, a sentence computation auditor with BOSC. Pond's affidavit verifies the sentence computation performed by BOSC to ascertain relator's eligibility date for parole. This document provides as follows:

> James Holman was sentenced in Franklin County on December 7, 1998 under case 97CR5534 to a 3 year firearm specification consecutive with 15 years-Life for Murder consecutive to 1 year for Having Weapons Under Disability. He was admitted to prison on January 6, 1999 under #371035. He was granted 440 days of jail time credit and we applied 29 days of jail time credit for conveyance time for a total of 469 days of jail time credit. His first hearing date was calculated as September 18, 2016, an October 2016 parole hearing that was

actually heard in August 2016. Any date after the 15th of the month would see the following month Parole Board, however the actual hearing takes place 2 months prior so if granted parole, the release could take place on the release date, in this case September 18, 2016.

The file was calculated as follows: January 6, 1999 plus 3 years for the firearm arrives at a release date of January 4, 2002. On January 5, 2002 begin the 15 years minus 469 days of jail time credit arrives a date of September 19, 2015. Beginning September 20, 2015 plus 1 year for the Weapons Under Disability calculates to the first hearing of September 18, 2016.

Case 97CR5534 did state it was consecutive to 95CR4421, however that case was suspended on April 19, 1996.

(Respondent's Ex. A.)

{¶ 22} 10. Relator filed his complaint in mandamus on June 3, 2020. Respondent moved to dismiss the complaint on various grounds, including the application of res judicata due to relator's unsuccessful habeas corpus action in the Fourth District Court of Appeals, which was affirmed by the Supreme Court of Ohio. *State ex rel. Holman v. Collins*, 159 Ohio St.3d 537, 2020-Ohio-874. By order dated December 9, 2020, the magistrate denied respondent's motion to dismiss.

{¶ 23} 11. The parties have submitted their certified evidence and briefed the case for submission to the magistrate.

Discussion and Conclusions of Law:

{¶ 24} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 25} Prohibition is an extraordinary writ issuing from a court of superior jurisdiction and directed to an inferior tribunal, commanding the lower court to cease abusing or usurping judicial functions. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998). As such, the writ of prohibition tests the subject-matter jurisdiction of the lower court and will issue only in cases of necessity arising from the inadequacy of other remedies. *Id.* In order to obtain a writ of prohibition, relator must establish that (1) the respondent, judge, tribunal or administrative body is about to exercise judicial or quasi-judicial power,

(2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in an injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections,* 72 Ohio St.3d 289 (1995). Prohibition will not lie to limit or prohibit the exercise of discretion by a court having jurisdiction over the subject matter and the parties before it, and is not a remedy intended to correct or anticipate mistakes by a lower court in deciding questions that are within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64 (1950).

{¶ 26} Respondent correctly argues that an inmate in Ohio has no constitutional or statutory right to release on parole, and OAPA has wide discretion in parole matters. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268 (1998); *State ex rel. Miller v. Leonard*, 88 Ohio St.3d 46 (2000); *State ex rel. Bailey v. Ohio Parole Bd.*, 10th Dist. No. 15AP-887, 2016-Ohio-8264. Respondent wishes to extend this proposition to argue that the absence of any constitutional right to release before the expiration of relator's valid maximum sentence means that relator may not seek a writ to correct alleged error in giving him a premature parole hearing. The lack of a right to release does not, however, translate to an absolute lack of rights in the integrity of the parole process. While relator will bear a significant burden to establish that he has a legal right to a corrected sentence computation and a new hearing, some notions of constitutional due process must be considered in mandamus proceedings arising under the Ohio parole process, as extensively discussed by the Supreme Court in *State ex rel. Keith v. Ohio Adult Parole Auth.,* 141 Ohio St.3d 375, 2014-Ohio-4270.

{¶ 27} In *Keith*, the Supreme Court considered whether an inmate could obtain a writ ordering OAPA to correct the inmate's records. The inmate sought this correction after the board had initially denied parole, and in doing so had misstated the number of times that the inmate had previously been granted parole. Keith requested that the decision be corrected to reflect the correct number of times he had been paroled and that the parole board grant him a new hearing. The Supreme Court reviewed the pertinent statutory and administrative code language governing the factors to be considered when deciding to grant or refuse parole. Citing *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, *Keith* concluded that *Layne* establishes a minimal standard for the OAPA, that is, the statutory language " 'ought to mean something.' " *Keith* at ¶ 21, quoting *Layne* at ¶ 27. Considering the words "eligible for parole" in former R.C. 2967.13(A), *Keith* observed that

in *Layne*, the court held that "inherent in the language is 'the expectation that a criminal offender will receive meaningful consideration.' " *Id.*

> [H]aving set up the system and defined at least some of the factors to be considered in the parole decision, the state has created a minimal due-process expectation that the factors considered at a parole hearing are to be as described in the statute or rule and are to actually and accurately pertain to the prisoner whose parole is being considered.
>
> * * *
>
> [W]here there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner.

*Keith* at ¶ 25, 28.

{¶ 28} Relator's complaint asserts that he was in fact *not* eligible for parole at the time of his 2016 hearing; in essence, he offers a "reverse *Keith*" proposition. As in *Keith*, relator asserts that the "materials relied on at a parole hearing," *Keith* at ¶ 28, were fundamentally inaccurate. *Keith* clearly contemplates that a new hearing may in some cases be the remedy for such inaccuracies.

{¶ 29} The present case therefore presents three issues for serial determination: (1) whether BOSC miscalculated relator's eligibility date for parole consideration; (2) whether relator has a legal right to a correct calculation; and (3) if the first two issues are answered in the affirmative, whether relator has a right to a new parole hearing, *i.e.,* as relator has framed it, whether the parole board lacked jurisdiction to consider relator's parole when he was not yet eligible for release.

{¶ 30} Relator correctly asserts that OAPA has the duty, pursuant to R.C. 2967.13, Ohio Adm.Code 5120-2-03.1, and other applicable statutes and regulations, to give full effect to the trial court's sentencing entries and correctly compute relator's overall sentence and thus his eligibility date for parole. It is clear from the evidence presented that BOSC incorrectly calculated relator's parole eligibility date because BOSC did not include the 18-month sentence imposed in Franklin C.P. No. 95CR-4421 upon revocation of probation. BOSC incorrectly discounted this sentence based upon the original entry suspending the prison term, and did not account for the subsequent revocation. The trial court's sentencing

entries make clear that this was to be served consecutively to the 19-year minimum sentence imposed in the murder case.

{¶ 31} There is also some question whether BOSC correctly attributed jailtime credit in the murder case, since the sentence computation appears to apply the trial date of December 7, 1996 rather than the sentencing date of December 29, 1996; any error in this respect does not appear prejudicial to relator since the BOSC calculation includes an equivalent period (in addition to the 440 days of jail time credit mentioned in this sentencing entry) of 29 days conveyance time. Moreover, the application of the three days jail time credit applied in Franklin C.P. No. 95CR-4421 may have been omitted. In any event, in gross, the BOSC computation advanced relator's eligibility date by approximately 18 months compared to the aggregate sentence set forth in the two sentencing entries.

{¶ 32} The magistrate concludes that, pursuant to *Keith*, relator has a clear legal right to a correct calculation of his sentence, and respondent has a clear legal duty to correctly calculate the sentence. The magistrate therefore finds that a writ should issue ordering OAPA and BOSC to recalculate relator's sentence, taking into account both trial court sentencing entries, including the 18-month sentence given upon revocation of probation, the 3 days jail time credit awarded in connection therewith, the 19-year aggregate sentence imposed in the murder case, including the 440 days of jail time credit stated in that entry, and arrive at a correct date for relator's earliest eligibility for parole.

{¶ 33} The magistrate acknowledges that both the earlier and later eligibility dates have come and gone, and in some respects, therefore, this is a vain exercise. However, the determination that relator is entitled to a correct calculation is necessary in order to ascertain whether relator is entitled to a new parole hearing. For the reasons that follow, the magistrate concludes that he is not.

{¶ 34} Relator asserts that respondent "lacked jurisdiction" to hold a premature parole hearing. There is little specific authority on this question in Ohio law. What is certain, however, is that OAPA is statutorily charged with determining relator's suitability for release on parole:

> The adult parole authority created by section 5149.02 of the Revised Code shall administer sections 2967.01 to 2967.28 of the Revised Code, and other sections of the Revised Code governing pardon, community control sanctions, post-release control, and parole.

R.C. 2967.02(A).

{¶ 35} While BOSC may have miscalculated relator's eligibility date, and a release of relator pursuant to a premature hearing at that time might have been in derogation of the laws governing parole eligibility, the magistrate finds that OAPA did not lack jurisdiction to commit such errors. Although the potentially related question is not directly before the magistrate at this time, there is no indication that there was error in the parole hearing or other proceedings other than the date computation complained of here.

{¶ 36} Finally, there is little authority on the question of whether an early parole hearing should be held to be void. The sole authority found on this question (respondent has not submitted anything useful) is the case of *State v. Pasturzak*, 4th Dist. No. 01CA2822, 2003-Ohio-1085, *jurisdictional motion overruled*, 99 Ohio St.3d 1410, 2003-Ohio-2454. In that case, the Fourth District considered whether an inmate who attempted to withdraw his guilty plea on the basis that the state had violated his plea agreement had demonstrated error in the trial court's refusal to allow the withdrawal. In connection with this, the Fourth District noted that in the interim OAPA had held a parole hearing for the inmate well in advance of the correct date that would have resulted from the sentence imposed pursuant to the plea agreement. Considering the impact of the premature parole hearing and resulting denial of parole, the Fourth District concluded that "no breach of appellant's plea agreement has occurred since the parole board's decision has not changed appellant's eligibility for parole, only when the parole board will [again] consider appellant for parole." *Id*. at ¶ 25. From this it follows that OAPA not only does not act without jurisdiction in holding an early parole hearing, but the outcome of that hearing is not a nullity.

{¶ 37} The magistrate expresses no opinion on the converse question of whether the state could complain of a premature hearing in which OAPA granted parole to an inmate prior to his actual eligibility date, beyond noting that whereas a prisoner has no constitutional right to parole before expiration of his maximum sentence, the state does have a statutory right to see an inmate serve his full minimum sentence.

{¶ 38} In summary, the magistrate concludes that BOSC miscalculated relator's parole eligibility date, that OAPA consequently held a parole hearing some 18 months prior to the correct date, but that relator is not entitled to a writ of mandamus ordering a new

parole hearing on that basis.  Nor does OAPA patently lack jurisdiction to proceed under the results of the 2016 parole hearing, and thus the writ of prohibition will not lie.

**{¶ 39}**  It is therefore the decision and recommendation of the magistrate that a writ of mandamus issue to OAPA ordering BOSC to correctly calculate relator's sentence, including his parole eligibility date, but that no writ need issue to OAPA compelling a new parole hearing for relator before the date set by OAPA in continuing relator's parole pursuant to the 2016 hearing, or prohibiting implementation of that continuance.


/S/ MAGISTRATE
MARTIN L. DAVIS


**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**