[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-3128.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3128

THE STATE EX REL. KEITH, APPELLANT, *v.* DEPARTMENT OF REHABILITATION & CORRECTION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-3128.]

*Mandamus—Inmate failed to show that his parole record contains false or misleading information that might have adversely affected parole board's consideration of his parole request—Court of appeals' denial of writ affirmed.*

(Nos. 2017-1015 and 2017-1214—Submitted February 13, 2018—Decided August 8, 2018.)

APPEALS from the Court of Appeals for Franklin County, No. 15AP-1080, 2017-Ohio-4406.

_____

**Per Curiam.**

{¶ 1} In these consolidated appeals, appellant, Bernard R. Keith, appeals the judgment of the Tenth District Court of Appeals denying his petition for a writ of mandamus to compel appellee Ohio Parole Board to hold a parole hearing at which his parole request is given "meaningful consideration." We affirm the judgment of the court of appeals.

*Background*

{¶ 2} Keith is a state inmate serving an indeterminate sentence. Following a hearing held in February 2012, the parole board denied Keith parole, in part based on its finding that he had been previously paroled eight times. *State ex rel. Keith v. Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 6 ("*Keith I*"). The board set the next hearing for 62 months later (i.e., April 2017).

{¶ 3} On May 8, 2012, Keith filed an original action in the Tenth District Court of Appeals seeking a writ of mandamus to compel the board to correct allegedly inaccurate information in his parole record. The court of appeals denied the writ as moot, finding that the board had corrected the inaccurate information in Keith's parole record and subsequently had decided not to modify its previous decision. *Id*. at ¶ 13.

{¶ 4} On October 7, 2014, we reversed and granted a writ of mandamus. *Id*. at ¶ 32. We held that Keith had made a showing that there may still be substantive errors in his parole record that, if not corrected, may influence the board's consideration of his parole and prevent his application from receiving meaningful consideration, *id*. at ¶ 21, 30, and we ordered the board "to investigate Keith's allegations and correct any substantive errors in the record used to consider him for parole," *id*. at ¶ 32.

{¶ 5} In October 2014, the parole board notified Keith that it had corrected some of the parole-record errors that he had alleged in the *Keith I* litigation.

**{¶ 6}** The new hearing took place on February 17, 2015. Several weeks later, the parole board informed Keith that it had denied his parole request and that his next hearing would be in April 2017 (the same date that had been set for his next hearing when he was denied parole in February 2012).[1] His request for reconsideration was denied.

**{¶ 7}** On November 30, 2015, Keith filed a second petition for a writ of mandamus against the board in the Tenth District Court of Appeals. Keith's second petition alleged that his parole request did not receive "meaningful consideration" at the February 2015 hearing, as required by *Keith I*. As evidence of the alleged lack of meaningful consideration, Keith pointed to the fact that the parole board did not change the date of his next parole hearing, despite the corrections that the board had made to the information in his parole record.

**{¶ 8}** After the parties submitted evidence and briefs, the Tenth District magistrate appointed to hear the case issued a decision on February 17, 2017, in which he concluded that Keith had failed to show by clear and convincing evidence that his parole record contained any significant errors or that the board had relied on substantively inaccurate information. Keith filed objections to the magistrate's decision.

**{¶ 9}** On June 20, 2017, the Tenth District Court of Appeals overruled Keith's objections, adopted the magistrate's findings of fact and conclusions of law, and denied the request for a writ of mandamus. The court of appeals denied Keith's application for reconsideration and motion for relief from judgment.

**{¶ 10}** Keith filed two notices of appeal. On July 25, 2017, he appealed the court of appeals' denial of the writ (case No. 2017-1015). And on August 31, 2017, he appealed the denial of his application for reconsideration (case No. 2017-1214).

---

[1] The parole hearing that had been scheduled for April 2017 was actually held on February 9, 2017. At that hearing, the parole board denied Keith's parole request and scheduled the next hearing for February 2020.

On November 1, 2017, we consolidated the two appeals. 151 Ohio St.3d 1423, 2017-Ohio-8371, 84 N.E.3d 1062.

*Procedural motions*

{¶ 11} On November 15, 2017, Keith filed (in both cases) an unopposed motion to reduce the number of copies of his briefs required for filing. We grant the motion.

{¶ 12} On November 17, he filed a motion for leave to file an amended cover page for his merit brief in case No. 2017-1015 to reflect its consolidation with case No. 2017-1214. We grant that motion.

{¶ 13} Finally, Keith has filed three requests for judicial notice. The first, filed November 15, 2017, asked this court to take judicial notice of a motion for a stay that he filed in this court on October 20. Because he withdrew the stay motion on December 19, that request is denied as moot. Next, on December 19, he filed a request that this court take judicial notice that he placed his reply brief in the institutional mailbox within the time allowed by this court's rules. But because the reply brief was received and filed and because no one has challenged its timeliness, we deny that request as moot. In addition, Keith's reply brief complains that pages were missing from the copy of the board's merit brief that he received. Although he presents this complaint as an "issue for judicial notice," he asks for no relief in connection with it.

*Merits of the appeal*

{¶ 14} In his merit brief, Keith asserts nine propositions of law, but there is only one issue of consequence: has Keith demonstrated that the parole board failed to give his parole request meaningful consideration at his February 2015 hearing, as a result of materially false or misleading information in his parole record?

{¶ 15} As previously noted, Keith's claim is premised on the fact that after the February 2015 hearing, the parole board did not change the scheduled date of his next parole hearing. He sees that as evidence that the board's review of his

parole request was cursory and/or biased. But there is no basis for Keith's assumption that the board's correction of the errors in his parole record should have caused the board to reach a different decision. It is equally possible that he overstated the significance of the inaccuracies in his record and that a fair review of his record would lead the board to make the same decision.

{¶ 16} The issue in *Keith I* concerned the problem of materially false or misleading information in an inmate's parole record. And on that score, Keith has only one allegation: he claims that his parole record contains an entry indicating that he participated in an education program referred to as "GED Fast Track" even though he had not enrolled in that program. However, Keith has suggested no reason to believe that this allegedly erroneous information was material to his parole request. And contrary to his assertion, this court in *Keith I* did not hold that a writ of mandamus will issue every time an inmate identifies a factual error in his parole record. Rather, a writ will issue when there is a credible claim of an error that may prevent the inmate's application from receiving meaningful consideration. *Keith I*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, at ¶ 21; *id.* at ¶ 30 (requiring "a showing that there may be substantive errors in [the inmate's] record that may influence the [APA's] consideration of his parole").

{¶ 17} Keith has failed to demonstrate the elements of his eponymous claim: that his parole record contains false or misleading information that might have adversely affected the parole board's consideration of his parole request. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Bernard R. Keith, pro se.

Michael DeWine, Attorney General, and George Horvath, Assistant Attorney General, for appellees.

_____