[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-4246.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4246

THE STATE EX REL. KEITH, APPELLANT, *v.* DEPARTMENT OF REHABILITATION AND CORRECTION ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Keith v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2018-Ohio-4246.]

*Criminal law—Inmate failed to show that substantively inaccurate information remains in his parole record, prejudicing his parole applications—Court of appeals' judgment denying motions for show-cause and contempt orders affirmed.*

(No. 2018-0247—Submitted May 22, 2018—Decided October 23, 2018.)

APPEAL from the Court of Appeals for Franklin County,

No. 12AP-408.

_____

**Per Curiam.**

{¶ 1} In this appeal, appellant, Bernard R. Keith, again seeks to compel appellees, Ohio Adult Parole Authority and the Chair of the Ohio Parole Board, to

conduct a new parole hearing. He appeals the judgment of the Tenth District Court of Appeals denying motions to issue a show-cause order and to hold appellees in contempt. We affirm the judgment of the court of appeals.

**{¶ 2}** On May 8, 2012, Keith, then an inmate at the Richland Correctional Institution, filed an original action in the Tenth District Court of Appeals seeking a writ of mandamus. He alleged that he had been denied meaningful parole consideration because appellees had relied on information in his parole record that was incorrect. The court of appeals denied the writ. *State ex rel. Keith v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 12AP-408, 2013-Ohio-2514 ("*Keith I*"). We reversed and ordered appellees to review Keith's parole record and correct any information that was incorrect and was used to consider him for parole. 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, ¶ 32.

**{¶ 3}** On November 30, 2015, Keith filed a second mandamus action, in which he alleged that appellees had not complied with this court's mandate to correct erroneous information and give his parole application "meaningful consideration." *State ex rel. Keith v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 15AP-1080, 2017-Ohio-4406, ¶ 11 ("*Keith II*"). The court of appeals denied the writ. *Id.* at ¶ 15. Keith filed two separate appeals that we consolidated. We affirmed. __Ohio St.3d__, 2018-Ohio-3128, __N.E.3d__, ¶ 17.

**{¶ 4}** Meanwhile, Keith attempted to reopen proceedings in *Keith I*, which had been dormant since October 2014. On January 16, 2017, he filed three pleadings in the court of appeals: a motion for contempt, a motion for a show-cause order, and a motion for an order enforcing the mandate. The court of appeals denied the contempt and show-cause motions on January 22, 2018, without mentioning the third motion.

**{¶ 5}** Keith appealed.

**{¶ 6}** The allegations made in Keith's contempt and enforcement motions are the same as those made in the *Keith II* mandamus action: that substantively

inaccurate information remains in his parole record, prejudicing his parole applications. We have rejected these claims. Given our holding in *Keith II* that appellees *have* complied with our original order to purge Keith's parole record of inaccurate material information, there is no basis for ordering them to take additional action, much less for a finding of contempt.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Bernard R. Keith, pro se.

Michael DeWine, Attorney General, and George Horvath, Assistant Attorney General, for appellees.

_____