[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cobb v. Adult Parole Auth.,* Slip Opinion No. 2018-Ohio-4745.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4745

THE STATE EX REL. COBB, APPELLANT, *v.* ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cobb v. Adult Parole Auth.,* Slip Opinion No. 2018-Ohio-4745.]

*Mandamus—Parole—Inmate failed to meet his burden to present credible allegation of substantive inaccuracy in information contained in his parole-board file—Court of appeals' denial of writ affirmed.*

(No. 2017-0532—Submitted December 5, 2017—Decided November 29, 2018.)

APPEAL from the Court of Appeals for Franklin County,

No. 16AP-199, 2017-Ohio-1170.

_____

**DEWINE, J.**

{¶ 1} This is an appeal from a judgment of the Tenth District Court of Appeals denying a writ of mandamus to an Ohio prisoner. The prisoner alleges that his parole-board file contains inaccurate information; he seeks to have the parole

board correct the information in his file and hold a new parole hearing. We conclude that he has failed to meet his burden to present a credible allegation of a substantive inaccuracy in the information contained in his file. As a consequence, we affirm the judgment of the Tenth District Court of Appeals denying the writ.

**Background**

{¶ 2} Michael Cobb is serving a prison sentence of 18 years to life for his 1998 convictions for robbery and murder with a gun specification. Cobb attended an Ohio Parole Board hearing on June 11, 2015, after which the board denied his request for parole. In reaching its decision, the parole board noted that Cobb exhibited "good insight into his crimes" and "did display remorse for his actions." But the board also expressed concern over Cobb's "problematic conduct" during his incarceration and determined that "a release at this time would demean the serious nature of this crime," as "[t]he male victim in this offense was shot in the back by the offender and was then robbed of his property."

{¶ 3} Ohio Adm.Code 5120:1-1-07(A) provides that an inmate may be released at the time he becomes eligible for parole unless the parole board finds that continued incarceration is necessary for certain specified reasons. The board concluded that continued incarceration was necessary in Cobb's case on the following grounds:

(2) There is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice nor be consistent with the welfare and security of society.

(3) There is substantial reason to believe that due to serious infractions of [Ohio Adm.Code 5120:9-06], the release of the inmate

would not act as a deterrent to the inmate or to other institutionalized inmates from violating institutional rules and regulations.

*See* Ohio Adm.Code 5120:1-1-07(A).

**{¶ 4}** Cobb filed a complaint for a writ of mandamus in the Tenth District Court of Appeals in which he requested an order compelling the Ohio Adult Parole Authority ("APA") to correct five alleged inaccuracies in the records that the parole board relied on and to hold a new hearing. The gist of Cobb's claim is that the parole board might have granted his request for parole had it not relied on substantive errors in his file. In support of his claim, Cobb cites our decision in *State ex rel. Keith v. Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132.

**{¶ 5}** The APA filed a motion to dismiss, and the Tenth District appointed a magistrate to hear the case. With regard to each of the five alleged inaccuracies, the magistrate determined that Cobb had failed to demonstrate a substantive error that may have influenced the parole board's consideration of parole. The magistrate therefore recommended that the APA's motion[1] be granted and Cobb's request for a writ be denied. The court of appeals adopted the magistrate's decision denying the writ. Cobb appealed to this court.

**Cobb has failed to show that he is entitled to a writ of mandamus**

**{¶ 6}** To be entitled to a writ of mandamus, Cobb must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the APA to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

---

1. Because the APA's motion to dismiss contained matters outside the record, the magistrate treated it as a motion for summary judgment. *See* Civ.R. 12(B).

**{¶ 7}** Cobb relies on our decision in *Keith*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, in asserting his entitlement to the writ. There, the parole board had denied prisoner Bernard Keith's request for parole, explaining that its decision was based in part on information in his parole-board file indicating that he had been paroled eight times. *Id.* at ¶ 6. That information was incorrect; Keith had been paroled six times. *Id.* at ¶ 12. We granted a writ of mandamus, concluding that because Keith had "made a showing that there may be substantive errors in his record," the APA "*must therefore* conduct an investigation into Keith's allegations and correct any substantive errors" in his parole-board file. (Emphasis added.) *Id.* at ¶ 30.

**{¶ 8}** We did not define "substantive error" in *Keith*, but *Black's Law Dictionary* explains that "substantive error" is synonymous with "substantial error," *Black's Law Dictionary* 660 (10th Ed.2014). It is "[a]n error that affects a party's substantive rights or the outcome of the case" and, as a consequence, "may require reversal on appeal." *Id.*[2] It was clear in *Keith* that the alleged error was substantive—that it could have affected the parole board's consideration of Keith's parole—because the parole board had expressly based its decision in part on the erroneous information. *See Keith* at ¶ 6.

**{¶ 9}** Thus, we review each of the five alleged errors asserted by Cobb to determine whether there is a reasonable possibility that but for the alleged error, the parole board would have reached a different decision.

---

2. The separate opinion challenges this standard, asserting that *Keith* requires a showing not of a substantive error but only of the possibility of a "significant" or "nontrivial" error, without any consideration of whether the possible error may have affected the outcome. Opinion concurring in part and dissenting in part at ¶ 23. It says that in our multiple references in *Keith* to "substantive error," we were simply praising Keith for "going above and beyond" what was required. *Id.* at ¶ 27. But, following *Keith*, in an opinion joined by the author of today's separate opinion, this court reiterated our holding in *Keith* as "requiring 'a showing that there may be substantive errors in [the inmate's] record that may influence the [APA's] consideration of his parole.'" (Brackets sic.) *Keith II*, 153 Ohio St.3d 568, 2018-Ohio-3128, 109 N.E.3d 1171, at ¶ 16, quoting *Keith* at ¶ 30.

*The assault allegations*

**{¶ 10}** The first alleged error raised by Cobb concerns a factual narrative of his crimes contained in the Parole Board Information Sheet, which was apparently derived from witness statements. Specifically, Cobb disputes the narrative's accuracy in stating that before robbing and shooting the victim, Cobb and another person assaulted the victim "with the butt of a gun, their fists, and their feet." Cobb claims that the information about the assault is inconsistent with the victim's autopsy report, which does not refer to any external injuries beyond the gunshot wound. Because Cobb pleaded guilty to the robbery and murder offenses, the factual record before us is minimal.

**{¶ 11}** But even accepting Cobb's characterization of the record, we conclude that he has not alleged a substantive inaccuracy sufficient to warrant a writ of mandamus. This is because the parole board did not base its determination that Cobb's release would demean "the serious nature of the crime," Ohio Adm.Code 5120:1-1-07(A)(2), on the assault allegations. Rather, the parole board was explicit that its finding on seriousness was predicated on the victim's having been shot in the back and then robbed: "The Board by way of a Majority Vote has determined that a release at this time would demean the serious nature of this crime. The male victim in this offense was shot in the back by the offender and was then robbed of his property that was on his person." Because it is clear that the allegedly inaccurate information about the assault had no bearing on the parole board's decision, Cobb has suffered no prejudice.

**{¶ 12}** In denying Cobb's claim based on the disputed assault allegations, the magistrate reasoned: "The information sheet [Cobb] attached is not mentioned in the parole board's decision to deny him parole and [he] cannot establish that it was even considered." 2017-Ohio-1170, ¶ 57. Cobb is correct that this analysis misapplies our holding in *Keith*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132. Under the magistrate's approach, an inmate would have a viable *Keith* claim

only if the parole board had expressly cited the allegedly false information in its decision. This is inconsistent with our recent conclusion that "a writ will issue when there is a credible claim of an error that may prevent the inmate's application from receiving meaningful consideration," *State ex rel. Keith v. Dept. of Rehab. & Corr.*, 153 Ohio St.3d 568, 2018-Ohio-3128, 109 N.E.3d 1171 ("*Keith II*"), ¶ 16, citing *Keith* at ¶ 21, 30. Thus, we do not hold that an inmate can never establish a meritorious *Keith* claim unless the alleged error is specifically referred to in the parole board's decision.

{¶ 13} The question is whether the alleged error, supported by evidence, may have affected the outcome of the parole hearing. *See Keith* at ¶ 28, 30. Because it is apparent here that the parole board did *not* rely on the alleged inaccuracy in analyzing the Ohio Adm.Code 5120:1-1-07(A) factors and reaching its decision, Cobb has not made a credible allegation of a substantive error. Thus, we deny Cobb's claim for relief based on the assault allegations.

*The description of Cobb's sentence*

{¶ 14} Cobb next alleges that two records in the parole board's hearing file—the Parole Board Information Sheet and the minutes of his 2014 clemency hearing—incorrectly state his aggregate prison sentence to be 23 years to life instead of 18 years to life. Cobb's sentence is clearly 18 years to life: he received a sentence of 15 years to life on the murder count, to be served consecutively to a 3-year sentence for the gun specification, for an aggregate minimum sentence of 18 years. The trial court also imposed a concurrent 5-year sentence for the robbery conviction.

{¶ 15} Cobb argues that his aggregate sentence is notated in a manner suggesting that the 5-year term was imposed consecutively instead of concurrently: "3.00 GUN + 5.00 TERM + 15.00-LIFE" (capitalization sic) on the Parole Board Information Sheet and "3 Gun + 5 Term + 15 - Life" in the clemency-hearing minutes. But the concurrent nature of the 5-year term is reflected in the Parole

Board Decision and Minutes: "15-life + 3 gun cc/w/ 5 years" (or, in other words, "concurrent with" 5 years). And there is no doubt that the parole board understood that Cobb's minimum sentence is 18 years—because he was given a parole hearing in 2015, near the end of his 18th year of incarceration.[3] When a sentence of life imprisonment is imposed for the offense of murder, a prisoner becomes eligible for parole "at the expiration of the prisoner's minimum term." R.C. 2967.13(A)(1). If the APA had incorrectly believed that Cobb's sentence was 23 years to life, as Cobb suggests, then his first parole hearing would not have been held until 2020. Thus, we conclude that Cobb has failed to demonstrate any error based on the description of his aggregate sentence.

*Problematic conduct*

{¶ 16} Cobb next takes issue with the board's determination that he had engaged in "problematic conduct" during his time as an inmate. He disputes the board's finding based largely on his assertion that one of the board members commended him at the hearing for his "good institutional behavior and growth." Cobb has presented two pieces of evidence to establish his good behavior: his Ohio Department of Rehabilitation and Correction "Job History" sheet, which indicates that he had not been placed in the prison's "bad behavior" housing unit in the past ten years; and a document detailing his security-classification level, which had been lowered to the least restrictive level three years prior to the hearing.

{¶ 17} Cobb essentially asks us to consider the reasonableness of the board's concern over problematic conduct, but he has not pointed to a specific error in the materials that the parole board relied on. In its decision, the board encouraged Cobb to "work on not receiving any future conduct reports." Although the documents he cites demonstrate some good conduct in recent years, he has not

---

3. Cobb received 173 days of pretrial credit at the time of his sentencing on January 27, 1998, indicating that his incarceration began in August 1997. He became eligible for parole 18 years later in 2015, as indicated throughout the parole records.

made a showing that there were no instances of bad conduct in his parole-board file on which the board could have based its determination. Thus, he has failed to present credible evidence of a substantive inaccuracy in the information in the parole board's file concerning his behavior in prison.

*Alleged statements of parole-board members*

{¶ 18} The last two errors claimed by Cobb are premised solely on statements allegedly made by board members at his parole hearing. The first pertains to a board member's alleged statement asking Cobb "to elaborate on his juvenile felonious assault conviction," even though that charge had been dismissed. The second involves a board member's alleged statement that Cobb had been transferred from another institution in 2004 for "failure to adjust," whereas Cobb maintains he was transferred for a different reason.

{¶ 19} The question is whether either of the purported statements constitutes a credible allegation of error in Cobb's parole-board file sufficient to trigger the parole board's duty to review his file. In both instances, we think they do not. It is equally plausible that the parole-board members misread an accurate record of Cobb's juvenile history and misstated the basis for Cobb's transfer to another institution. We decline to create a rule in which an inmate's unsubstantiated allegation of an incorrect statement made during a parole hearing, by itself, presents a claim of error in his parole-board file sufficient to entitle him to a writ of mandamus. Thus, we deny Cobb's request for relief based on the alleged statements regarding the juvenile charge and the basis for his prison transfer.

## Conclusion

{¶ 20} For the reasons stated above, we affirm the judgment of the court of appeals denying the requested writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, J., concur.

KENNEDY, J., concurs in judgment only.

FISCHER, J., concurs in part and dissents in part, with an opinion joined by FRENCH, J.

DEGENARO, J., not participating.

_____

**FISCHER, J., concurring in part and dissenting in part.**

**{¶ 21}** I respectfully concur in part and dissent in part. The lead opinion misunderstands this court's holding in *State ex rel. Keith v. Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, and purports to fashion a new test for so-called *Keith* claims that, in practice, is not likely be satisfied in any case. While I agree with the lead opinion that the second, third, fourth, and fifth errors alleged by appellant, Michael Cobb, as to his parole file are unavailing, I would hold that he is entitled to mandamus relief in connection with his first alleged error.

**{¶ 22}** *Keith* was an attempt to balance two potentially conflicting interests. On the one hand, the court recognized that parole applicants have "a minimal due-process expectation that the factors considered at a parole hearing are to be as described in the statute or rule and are to actually *and accurately* pertain to the prisoner whose parole is being considered." (Emphasis added.) *Id*. at ¶ 25. On the other hand, the court stated that the Ohio Adult Parole Authority ("OAPA") should not be required to investigate and correct every allegation of an inaccuracy in an inmate's parole file, however minor or debatable. The court therefore held that when "there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." *Id*. at ¶ 28.

**{¶ 23}** *Keith* does not define the key phrases, "substantively inaccurate" and "significant errors," but the terms are not difficult to understand. Information is "inaccurate" when it "contain[s] a mistake or error." *Webster's Third New*

*International Dictionary* 1139 (2002). And the modifier "substantively" means "considerabl[y] in amount or number." *Id.* at 2280. Likewise, an "error," also known as a "mistake," is "[a]n assertion that does not conform to objective reality; a belief that what is false is true or that what is true is false," *Black's Law Dictionary* 659 (10th Ed.2014), and an error is "significant" when it is "[o]f special importance" or "momentous," *id.* at 1594. Thus, the court concluded in *Keith* that when there are "credible *allegations*" (emphasis added), supported by evidence, that a parole file contains mistakes that are of some significance (i.e., nontrivial), a writ of mandamus will issue to compel the parole authorities to investigate and, if necessary, correct the records. *Keith* at ¶ 28.

{¶ 24} Applying that standard, I agree with the lead opinion that Cobb's second, third, fourth, and fifth alleged errors do not constitute "significant errors." However, I would hold that his first alleged error does satisfy the *Keith* standard.

{¶ 25} The factual summary of Cobb's offenses contained in the Ohio Parole Board Information Sheet states that before he shot the victim, he and his father "began assaulting the victim with the butt of a gun, their fists, and their feet." However, the victim's autopsy report does not mention any external injury or trauma other than the bullet wound. Thus, Cobb has offered evidence to suggest that the parole board's understanding of the facts of his crimes may have been incorrect. The board is *required*, as part of its parole decision, to take into account "the serious nature of the crime." Ohio Adm.Code 5120:1-1-07(A)(2). Cobb's first alleged error is therefore "significant," in the sense that it relates to a material portion of the parole board's analysis and would likely color the view of a reasonable reader by making Cobb's offenses, which were ruthless and brutal, appear to be of an even higher degree of ruthlessness and brutality. I would therefore grant a writ of mandamus to compel the parole board to reexamine Cobb's parole file and if the description of his assault of the victim is false, to correct it and conduct a new parole hearing.

**{¶ 26}** The lead opinion reaches a different result in reliance on a dictionary definition of the *wrong phrase* from *Keith*. After stating its holding, the *Keith* court went on to conclude that Bernard Keith, the inmate in that case, had shown that "there may be substantive errors in his record that may influence the OAPA's consideration of his parole"; the court then ordered the OAPA to correct any such "substantive errors." 141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132, at ¶ 30. Citing *Black's Law Dictionary*, the lead opinion in this case equates the term "substantive error" with the term "substantial error" and therefore concludes that each of Cobb's alleged parole-file errors must be reviewed "to determine whether there is a reasonable possibility that but for the alleged error, the parole board would have reached a different decision." Lead opinion at ¶ 8-9, citing *Black's Law Dictionary* at 660.

**{¶ 27}** But *Keith* does not require an inmate to prove a "substantive error" to obtain relief; it merely notes that Keith had in fact done so, going above and beyond what was required. The requirement that an inmate meet a "but for" evidentiary threshold was not part of the *Keith* holding, as demonstrated by the fact that the court in *Keith* did not undertake in that case to analyze whether, but for the misstatement of the number of times Keith had previously been granted parole, he would have been granted parole at the hearing at issue. Moreover, it is unclear whether the record in this case is sufficient to allow us to render a judgment on but-for causation, were we inclined to do so.

**{¶ 28}** In short, *Keith* was a case about whether an inmate was entitled to have the parole authorities take a second look at the contents of his parole *file*, not a case about whether or not he was actually entitled to parole. In the single sentence quoted above, the lead opinion conflates the two issues.

**{¶ 29}** Purporting to apply this new test, the lead opinion adopts a standard that would effectively make it unlikely for an inmate to *ever* prevail on a *Keith* claim:

> [W]e do not hold that an inmate can never establish a meritorious *Keith* claim unless the alleged error is specifically referred to in the parole board's decision.
>
> The question is whether the alleged error, supported by evidence, may have affected the outcome of the parole hearing. *See Keith* [141 Ohio St.3d 375, 2014-Ohio-4270, 24 N.E.3d 1132] at ¶ 28, 30. Because it is apparent here that the parole board did *not* rely on the alleged inaccuracy in analyzing the Ohio Adm.Code 5120:1-1-07(A) factors and reaching its decision, Cobb has not made a credible allegation of a substantive error.

(Emphasis sic.) Lead opinion at ¶ 13. Why is it "apparent" that the parole board did not rely on the inaccurate information alleged by Cobb in reaching its decision? In denying Cobb relief, the court of appeals emphasized the absence in the parole board's written rationale of the allegedly inaccurate information, 2017-Ohio-1170, ¶ 17, but the above-quoted portion of the lead opinion expressly disclaims any requirement of express reliance.

{¶ 30} Nevertheless, the lead opinion concludes that the fact that the parole board articulated *some other justification* for its decision is proof that the board did not rely on the allegedly inaccurate information. Thus, the two sentences quoted above effectively contradict each other: so long as the parole board gives some explanation for its denial that does not include a reference to the allegedly inaccurate information, an inmate's suit for mandamus relief to correct allegedly false information in his parole file can never succeed, no matter how consequential or inflammatory the information appears to be. This is, to say the least, a significant departure from the spirit and language of *Keith*.

**{¶ 31}** As a final note, I acknowledge that we recently characterized the holding of *Keith* as "requiring 'a showing that there may be substantive errors in [the inmate's] record that may influence the [OAPA's] consideration of his parole.' " (First brackets sic.) *State ex rel. Keith v. Dept. of Rehab. & Corr.*, __ Ohio St.3d __, 2018-Ohio-3128, __ N.E.3d __, ¶ 16 ("*Keith II*"), quoting *Keith* at ¶ 30. However, based on the above analysis, I believe that this statement in *Keith II* presents an inaccurate reading of *Keith* and should not be followed. Instead, we should follow the key holding of *Keith*: "where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner." *Keith* at ¶ 28.

**{¶ 32}** I therefore dissent from the court's denial of a writ of mandamus that would order the OAPA to investigate Cobb's first alleged error and, if the error exists, to correct it and hold a new parole hearing.

FRENCH, J., concurs in the foregoing opinion.

————————————

Michael Cobb, pro se.

Michael DeWine, Attorney General, and B. Alexander Kennedy, Assistant Attorney General, for appellees.

————————————