[Cite as *State ex rel. Semenchuk v. Ohio Adult Parole Auth.*, 2019-Ohio-4641.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Allen J. Semenchuk, :

            Relator-Appellant, : No. 19AP-361
(C.P.C. No. 17CV-7205)

v. :

                                     (ACCELERATED CALENDAR)

Ohio Adult Parole Authority, :

            Respondent-Appellee. :

D E C I S I O N

Rendered on November 12, 2019

**On brief:** *Allen J. Semenchuk*, pro se.

**On brief:** *Dave Yost,* Attorney General, and *Byron D. Turner,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Relator-appellant, Allen J. Semenchuk, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Semenchuk has been a prisoner in the custody of the Ohio Department of Rehabilitation and Correction since his convictions in 1979 for committing the offenses of murder in violation of R.C. 2903.02, attempted aggravated murder in violation of R.C. 2929.03, felonious assault in violation of R.C. 2903.11, and escape in violation of R.C. 2921.34. He was sentenced to 15 years to life in prison pursuant to the law in effect at the time of his sentencing.

{¶ 3}    On November 23, 2016, the Ohio Adult Parole Authority ("OAPA" or "parole board") conducted a parole hearing.  The parole board's minutes, which constituted the "official public record of the decisions of the parole board" (Ohio Adm.Code 5120:1-1-01(P)), indicated the parole board considered the mandatory factors for release determinations as set forth in Ohio Adm.Code 5120:1-1-07(B).  In evaluating the release of Semenchuk, the parole board reasoned as follows:

> Inmate Semenchuk's case is aggravated by the case-specific factors of extreme violence, excessive brutality, multiple occurrences, multiple victims, and extensive victimization. Inmate Semenchuk lacks insight, and he lacks relevant programming to help manage his risk to the community. Inmate Semenchuk's Institutional conduct has improved since April 2015; however, he has engaged in misconduct resulting in segregation.  Inmate Semenchuk lacks positive offender change and motivation.  The aggravating factors in this case lead the Board to conclude that release would demean the seriousness of the offenses and not further the interests of justice.  After weighing the relevant factors, the Board does not consider the Inmate suitable for release at this time.

(Nov. 23, 2016 Ohio Parole Bd. Decision & Minutes at 1, attached to Aug. 10, 2017 Compl. as Ex. 1.)

{¶ 4}    The parole board found the following factors weighed against releasing Semenchuk:

> A. There is substantial reason to believe that the inmate will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under [Ohio Adm.Code] 5120:1-1-12.
>
> B.  There is substantial reason to believe that due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that due to the serious nature of the crime, the release of the inmate would not further the interest of justice or be consistent with the welfare and security of society.
>
> C.  There is substantial reasons to believe that due to serious infractions of [Ohio Adm.Code] 5120:9-06 * * *, the release of the inmate would not act as a deterrent to the inmate or to other institutionalized inmates from violating the institutional rules.

(Nov. 23, 2016 Ohio Parole Bd. Decision & Minutes at 1, attached to Aug. 10, 2017 Compl. as Ex. 1.)

{¶ 5} Based on its findings, the parole board denied release. The parole board's decision sheet indicated that Semenchuk had served a total of 445 months in prison and 4 months in jail. The parole board continued the matter until November 1, 2020, thus ruling that Semenchuk must serve 48 months until the next parole hearing. Semenchuk requested reconsideration of the parole board's decision. His reconsideration request was denied because it was determined that the request did not meet the parole board's standard for reconsideration, which required the request to be based on relevant and significant information that was either not available or not considered at the time of the hearing. However, the parole board informed Semenchuk that its decision was updated to correctly reflect his 5 months of jail-time credit, not the 4 months that was previously indicated.

{¶ 6} On August 10, 2017, Semenchuk filed a complaint in the trial court seeking a writ of mandamus ordering the parole board to conduct a new parole hearing. He alleged the parole board, in deciding not to release him from prison, relied on inaccurate information regarding his jail-time credit. He further alleged the parole board "ignored" the Ohio Risk Assessment System document stating that he is "Low Risk/Low Need" as demonstrated by its statement that "he lacks relevant programming to help manage his risk to the community." (Aug. 10, 2017 Compl. at 2; Parole Bd. Decision & Minutes at 1.) Lastly, he alleged the parole board improperly continued his next parole hearing for four years instead of the one year required by the law in effect when he was convicted and sentenced in 1979.

{¶ 7} On September 8, 2017, the parole board moved to dismiss Semenchuk's complaint pursuant to Civ.R. 12(B)(6). On May 3, 2019, the trial court granted the parole board's motion to dismiss based on its conclusion that Semenchuk had failed to state a claim upon which relief can be granted.

{¶ 8} Semenchuk timely appeals.

## II. Assignments of Error

{¶ 9} Semenchuk assigns the following errors for our review:

> [1.] The trial court erred to the prejudice of the appellant when it granted appellee's motion to dismiss appellant's petition for

a writ of mandamus. O.R.C. 5120.114 and O.A.C. 5120-13-01 clearly gives relator-appellant a legal right to have the ORAS Risk Assessment System used at his hearing as the single validated risk assessment tool in the determination of risk assessment and programing needs. A clear legal duty on the part of the appellee to use the system for assessment of appellant's risk of reoffending and rehabilitative needs was created by the law. The failure to use the ORAS system violated appellant's right to meaningful consideration and denied statutory created due process.

[2.] The trial court erred when it failed to determine that the state of Ohio and the Ohio Adult Parole Authority are bound by the terms of an agreement between itself (the state) and appellant and order a new hearing in which the APA would be bound by the requirements of O.A.C. 5120:1-1-10 effective 01/01/1979. The court ignored the plain allegations and requests found in the complaint where a real controversy arose between the parties concerning appellant's contract or plea agreement with the state of Ohio as well as the regulations and law in affect at the time of his sentencing usurping the authority of the trial court and violating the separation of powers doctrine and denying appellant meaningful consideration for parole and due process.

[3.] The court erred to the prejudice of the appellant when it failed to order the respondent-appellee a new hearing in which the substantive inaccuracies in the record were corrected denying appellant due process.

## III. Discussion

{¶ 10} In this appeal, Semenchuk generally challenges the trial court's dismissal of his complaint for a writ of mandamus ordering the parole board to conduct a new parole hearing. To be entitled to a writ of mandamus, a relator must show a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Brown v. Indus. Comm.*, 10th Dist. No. 14AP-722, 2015-Ohio-2923, ¶ 10, citing *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, ¶ 9.

{¶ 11} The trial court dismissed Semenchuk's mandamus complaint pursuant to Civ.R. 12(B)(6). A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel.*

*Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). If a plaintiff attaches documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim. *Adlaka v. Giannini*, 7th Dist. No. 05 MA 105, 2006-Ohio-4611, ¶ 34.

{¶ 12} A trial court properly dismisses a complaint for failure to state a claim when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6, citing *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). An appellate court reviews a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted under a de novo standard of review. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 13} Because they involve interrelated issues, we address together Semenchuk's first and third assignments of error. In his first assignment of error, Semenchuk alleges the trial court erred in not finding that the parole board did not comply with its clear legal duty to "use" the Ohio Risk Assessment System ("ORAS") document at his parole hearing. Semenchuk's third assignment of error alleges the trial court erred in not ordering the parole board to hold a new hearing due to inaccuracies in his parole record. He asserts the parole board's decision erroneously indicated that he had four months of jail-time credit, that he has a need for programming, and that there were multiple murder victims. These assignments of error lack merit.

{¶ 14} R.C. 2967.03 vests discretion in the parole board to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." Prisoners have "no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 19 (*Keith I*), citing R.C. 2967.03. In determining whether to parole an

inmate the parole board must consider various reports and "other relevant written information" pertaining to the inmate whose parole is being considered. *Keith I* at ¶ 23; Ohio Adm.Code 5120:1-1-07(B) (setting forth what the parole board must consider in determining whether to parole an inmate).

{¶ 15} "[H]aving established a parole system, and having put in place statutory and regulatory language requiring the OAPA to consider relevant information regarding a prisoner it is considering for parole, the state has created a minimal due-process expectation that the information will actually and accurately pertain to the prisoner whose parole is being considered." *Keith I* at ¶ 32. " '[I]n any parole determination involving indeterminate sentencing, the [parole board] may not rely on information that it knows or has reason to know is inaccurate.' " *State ex rel. Brust v. Chambers-Smith*, 156 Ohio St.3d 331, 2019-Ohio-857, ¶ 8, quoting *Keith I* at ¶ 26.

{¶ 16} However, a court will not issue a writ of mandamus simply because the inmate "identifies a factual error in his parole record. Rather, a writ will issue when there is a credible claim of an error that may prevent the inmate's application from receiving meaningful consideration." *State ex rel. Keith v. Dept. of Rehab. & Corr.*, 153 Ohio St.3d 568, 2018-Ohio-3128, ¶ 16 ("*Keith II*"). This standard requires a court to consider whether an inmate has alleged a "substantive error" in the record that precluded meaningful consideration of his release. *Brust* at ¶ 9. In this context, a "substantive error" is synonymous with "substantial error." *State ex rel. Cobb v. Adult Parole Auth.*, 155 Ohio St.3d 527, 2018-Ohio-4745, ¶ 8; *see Keith II* at ¶ 16 (the concern is that the existence of "materially false or misleading information in an inmate's parole record" may prevent an inmate from "receiving meaningful consideration" of his parole request). The operative question is "whether there is a reasonable possibility that but for the alleged error, the parole board would have reached a different decision." *Cobb* at ¶ 9.

{¶ 17} In this matter, the parole board's decision sheet denying Semenchuk parole indicated he had served 445 months in prison and 4 months in jail. However, there is no dispute he had 5 months of jail-time credit. Semenchuk made this oversight known to the parole board by means of a request for reconsideration of its decision. In response to Semenchuk's reconsideration request, a parole board employee informed him that the decision sheet was updated with the correct jail-time credit information, but that his

request did not present relevant and significant new information to warrant a reconsideration of the parole board's decision.

{¶ 18} Contrary to Semenchuk's assertion, the 1 month jail-time credit oversight can only be viewed as insignificant, considering he had been incarcerated for over 37 years. That is, this reasonably cannot be viewed as a substantial error that precluded meaningful consideration of the release request. Furthermore, nothing in the parole board's minutes suggested that the length of Semenchuk's jail-time credit affected the parole board's decision to continue his incarceration. Therefore, it is apparent that the parole board did not actually rely on the jail-time inaccuracy in analyzing the Ohio Adm.Code 5120:1-1-07(A) factors and reaching its decision not to release Semenchuk.

{¶ 19} Semenchuk also asserts that there is a discrepancy between the parole board's statement that "he lacks relevant programming to help manage his risk to the community" and the ORAS information sheet submitted at the parole hearing stating that he is "low risk/low need." He argues the parole board erroneously did not use, and therefore ignored, the ORAS information sheet. In support of this argument, Semenchuk reasons that the ORAS information sheet is conclusive evidence on the issue of his rehabilitative needs, and the parole board's statement contrary to that evidence demonstrates an inaccuracy necessitating a new hearing.

{¶ 20} R.C. 5120.114 requires the Ohio Department of Rehabilitation and Correction ("ODRC") to "select a single validated risk assessment tool for adult offenders" to be "used by" a variety of entities, including sentencing courts, probation departments, and the parole board. This tool assists these entities "to assess an adult offender's risk of reoffending and to assess the offender's rehabilitative needs." Ohio Adm.Code 5120-13-01(A). ODRC selected ORAS, which was created by the University of Cincinnati Center for Criminal Justice Research, as the risk assessment tool to serve this purpose. Ohio Adm.Code 5120-13-01(B). Despite ORAS having been designated as the "single validated risk assessment tool for adult offenders," it "is a work in progress," and this designation does not eliminate the discretion of an entity such as a court or parole board evaluating the rehabilitative needs of an offender. *See State v. Jennings*, 2d Dist. No. 2013 CA 60, 2014-Ohio-2307, ¶ 25, 28; *State v. Prater*, 4th Dist. No. 18CA1069, 2019-Ohio-2745, ¶ 27, fn. 5 ("The Ohio Risk

Assessment System is an assessment tool which can be used at various points in the criminal justice system to gather information and aid in informed decision-making.").

{¶ 21} Therefore, while the parole board must consider available ORAS information in its evaluation of whether to parole an inmate, it retains discretion to evaluate that information in relation to all of the other information before it. The fact that the parole board made a finding that appears to be inconsistent with submitted ORAS information does not mean Semenchuk's parole record contained a substantial inaccuracy.

{¶ 22} Lastly, as to Semenchuk's challenge to the parole board's statement that there were multiple victims, we note that this argument was not made in the trial court. Arguments which are not raised in the trial court are waived for the purpose of appeal. *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34. Because this argument is not properly before us, we do not consider it.

{¶ 23} For these reasons, we overrule Semenchuk's first and third assignments of error.

{¶ 24} Semenchuk's second assignment of error alleges the trial court erred in not finding the parole board improperly continued his next parole hearing for 48 months. According to Semenchuk, he is entitled to annual reviews pursuant to the version of Ohio Adm.Code 5120:1-1-10(B) in effect when he was convicted and sentenced. He argues the application of the current version of Ohio Adm.Code 5120:1-1-10(B) to the hearing at issue violated the separation of powers doctrine and breached his plea agreement. We are unpersuaded.

{¶ 25} The current version of Ohio Adm.Code 5120:1-1-10(B) provides that in "any case in which parole is denied at a[n] inmate's regularly constituted parole hearing, the parole board shall * * * (1) [s]et a projected release date * * * or (2) [s]et the time for a subsequent hearing, which shall not be more than ten years after the date of the hearing." Thus, under the current version of this rule, a prisoner is entitled to a parole hearing at least every ten years, not annually. Because "an inmate has no constitutional or statutory right to parole, he has no concomitant right to a particular date for the consideration of parole, and a change in such dates is not a constitutional violation." *State ex rel. Richard v. Mohr*, 135 Ohio St.3d 373, 2013-Ohio-1471, ¶ 5, citing *State ex rel. Henderson v. Ohio Dept. of Rehab. & Correction*, 81 Ohio St.3d 267 (1998); *Robinson v. Tambi*, 4th Dist. No. 03CA17,

2004-Ohio-2823, ¶ 14-16.  Consequently, the application of new parole guidelines that change the intervals an inmate is eligible for parole hearings "does not constitute a violation of any constitutionally or statutorily protected liberty interest."  *Mohr* at ¶ 6. "Simply put, an inmate has no vested interest in any particular set of parole guidelines, regulations, or matrices which assist the Parole Board in exercising its discretion, and changes in those matters do not impair any rights enjoyed by state prisoners pursuant to the United States Constitution." *State ex rel. Harris v. Hageman*, 10th Dist. No. 10AP-979, 2013-Ohio-669. And the basic fact that an inmate pleaded guilty does not create an exception to this rule. *See Smith v. Ohio Adult Parole Auth.*, 2d Dist. No. 2009 CA 22, 2010-Ohio-1131 (application of amended parole guidelines did not constitute breach of plea agreement). Therefore, we reject Semenchuk's contention that he is entitled to annual parole hearings based on the version of Ohio Adm.Code 5120:1-1-10(B) in effect when he was convicted and sentenced.

{¶ 26} Accordingly, we overrule Semenchuk's second assignment of error.

## IV. Disposition

{¶ 27} Having overruled all three of Semenchuk's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and BEATTY BLUNT, J., concur.