[Cite as *Pointer v. Smith*, 2021-Ohio-2247.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dennis Pointer, | : | |
| Plaintiff-Appellant, | : | No. 20AP-555 |
| | | (C.P.C. No. 20CV-3737) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Jane Doe Smith et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 30, 2021

**On brief:** *Dennis Pointer*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Dennis Pointer, pro se, appeals from a decision and entry of the Franklin County Court of Common Pleas dismissing his claims against defendants-appellees, several unidentified employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On June 10, 2020, Pointer filed a complaint against several unidentified employees of ODRC's Mansfield Correctional Institution ("MCI"). Pointer, an inmate at MCI, asserted he was bringing suit against appellees in both their professional and personal capacity, alleging the individuals committed various wrongful activities against him during his incarceration. Pursuant to his complaint, Pointer sought compensatory and punitive damages for his allegations that appellees were deliberately indifferent to his mental health needs, engaged in the intentional infliction of emotional distress, retaliated against him for exercising his First Amendment rights, humiliated and embarrassed him, abused their

power as correction officers, targeted him with malicious prosecution through inmate disciplinary procedures, and discriminated against him due to his disability. He also asked that all "false information" be removed from his record, though he did not assert a claim for declaratory judgment. (Compl. at 8.)

{¶ 3} Subsequently, on August 28, 2020, Pointer filed a motion for leave of court to amend his complaint, seeking to add a claim that ODRC failed to comply with certain regulations. He then filed a motion on September 21, 2020 for "immediate declaratory relief," arguing the Ohio Adult Parole Authority had a duty to "maintain the records of a prisoners criminal history and related matters, and to use those records in the determination of parole." (Mot. for Leave at 1.)

{¶ 4} In a November 2, 2020 decision and entry, the trial court dismissed Pointer's complaint, finding it lacked subject-matter jurisdiction over the action. Specifically, the trial court determined that because Pointer's complaint plainly seeks monetary and equitable relief from an instrumentality of the state, Pointer's claims are within the exclusive jurisdiction of the Court of Claims of Ohio. Further, the trial court found Pointer's claim seeking to have false information removed from his record is a claim for extraordinary relief through a writ of mandamus, and Pointer failed to state a claim for the extraordinary writ. Thus, the trial court dismissed Pointer's complaint and denied all his pending motions as moot. Pointer timely appeals.

## II. Assignments of Error

{¶ 5} Though Pointer does not formally identify assignments of error in his brief, he includes a section entitled "prayer for relief" that we construe as containing the following errors for our review:

> [1.] Rule that the trial court does have jurisdiction to hear appellants complaint pursuant to Ohio Revised Code sections 2305.01; 2721.02(A), and 2721.12(A) and proper venue for this action under Ohio Civ.R. 3(B)(1)-(4).
>
> [2.] Reverse the trial courts decision and remand complaint back down to trial court for a hearing on all motions filed by the appellant.

(Sic passim.)

### III.  Analysis

{¶ 6}    Pointer's assignments of error are interrelated, and we address them jointly. Taken together, Pointer's two assignments of error assert the trial court erred in dismissing his complaint.  In dismissing Pointer's complaint, the trial court found it lacked subject-matter jurisdiction over all but one of Pointer's claims as Pointer sought compensatory damages and equitable relief against an instrumentality of the state.  As to the remaining claim, Pointer's request to have false information removed from his record, the trial court found Pointer's complaint failed to state a claim upon which relief may be granted.  We address each of these issues in turn.

#### A.  Subject-Matter Jurisdiction

{¶ 7}    As an initial matter, the trial court noted that the bulk of Pointer's complaint plainly sought monetary damages and equitable relief against various unnamed appellees, all of whom are employees of ODRC.

{¶ 8}    Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits.  *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6.  Because a court is powerless to hear a case without subject-matter jurisdiction, a court may sua sponte raise the issue of subject-matter jurisdiction and may dismiss the case if it finds that it lacks subject-matter jurisdiction over it.  *Cardi v. State*, 10th Dist. No. 12AP-15, 2012-Ohio-6157, ¶ 8, citing *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 12 (1oth Dist.); *Adams v. Cox*, 10th Dist. No. 09AP-684, 2010-Ohio-415, ¶ 19; Civ.R. 12(H)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action").  An appellate court reviews de novo a trial court's decision to dismiss for lack of subject-matter jurisdiction.  *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7.

{¶ 9}    By the plain language of his complaint, Pointer is seeking monetary and equitable relief from an instrumentality of the state, namely ODRC employees.  Pursuant to the Court of Claims Act, R.C. 2743.01 et seq., the state has waived its immunity from liability and subjected itself to being sued in accordance with the same rules of law applicable to suits between private parties.  R.C. 2743.02(A)(1).  The Court of Claims has exclusive, original jurisdiction over civil actions against the state for monetary damages that

sound in law. R.C. 2743.03(A)(1); *Cardi* at ¶ 7. Additionally, the Court of Claims has exclusive, original jurisdiction to hear a claim for equitable relief that "arises out of the same circumstances that gave rise to the civil action." R.C. 2743.03(A)(2); *Cardi* at ¶ 7, citing *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103 (1991). Because Pointer states in his complaint that he is seeking monetary compensation and equitable relief from the alleged mistreatment he suffered from appellees while he was incarcerated at MCI, the trial court lacks subject-matter jurisdiction to hear those claims as they are within the exclusive, original jurisdiction of the Court of Claims.

{¶ 10} Moreover, Pointer's attempt to characterize his complaint as asserting claims against the unnamed appellees in both their professional *and* personal capacities does not operate to confer subject-matter jurisdiction over the matter on the trial court. "Whether a state employee is entitled to personal immunity from liability under R.C. 9.86 involves a question of law, and this is an issue over which the Court of Claims has exclusive, original jurisdiction." *Lacey v. Ohio Aud. of State*, 10th Dist. No. 19AP-110, 2019-Ohio-4266, ¶ 24, citing *Nease v. Med. College Hosp.*, 64 Ohio St.3d 396, 400 (1992); *Johns v. Univ. of Cincinnati Med. Assocs., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, ¶ 26 (*superseded by statute on other grounds*). R.C. 2743.02(F) sets forth the procedure for determining this immunity, providing that a "civil action against an officer or employee" alleging that "the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities" or alleging that "the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner" first must "be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity" pursuant to R.C. 9.86 "and whether the courts of common pleas have jurisdiction over the civil action." *See also Lacey* at ¶ 24.

{¶ 11} Thus, we agree with the trial court that Pointer's claims, with the exception of his request to have false information removed from his record, are within the exclusive, original jurisdiction of the Court of Claims. As such, the trial court lacked subject-matter jurisdiction over these claims.

### B. Writ of Mandamus

{¶ 12} As to Pointer's remaining claim in his complaint to have allegedly false information removed from his record, we agree with the trial court's determination that Pointer's request is one for extraordinary relief recovered through a writ of mandamus. *See State ex rel. Cobb v. Adult Parole Auth.*, 155 Ohio St.3d 527, 2018-Ohio-4745 (inmate sought a writ of mandamus requesting an order compelling the Ohio Adult Parole Authority to correct five alleged inaccuracies in the records the parole board relied upon in making its parole decision). The trial court sua sponte dismissed this portion of Pointer's complaint for failure to state a claim upon which relief can be granted.

{¶ 13} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Although this rule neither expressly permits nor forbids courts to sua sponte dismiss complaints for failure to state a claim upon which relief can be granted, generally a court may dismiss a complaint on its own motion only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 10, citing *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108 (1995). A sua sponte dismissal without notice may be warranted, however, if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged. *Id.*, citing *State ex rel. Buntin v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, ¶ 12.

{¶ 14} Here, we find the trial court properly dismissed the remainder of Pointer's complaint for failure to state a claim under Civ.R. 12(B)(6.) A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Myles v. Twin Valley Behavioral Healthcare*, 10th Dist. No. 20AP-452, 2021-Ohio-2119, ¶ 6, citing *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). This court

reviews a trial court's dismissal for failure to state a claim under a de novo standard. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 15} To be entitled to a writ of mandamus, a petitioner must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *Cobb* at ¶ 6, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6, 13. Having reviewed Pointer's complaint, we agree with the trial court that Pointer does not adequately state a claim for a writ of mandamus as he has not alleged he has a clear legal right to have his record corrected, he has not alleged appellees have a clear legal duty to provide this relief, and he has not alleged that he has no adequate remedy in the ordinary course of law. Thus, Pointer failed to state a claim upon which relief can be granted related to his request to have allegedly false information removed from his record.

{¶ 16} In summation, the trial court did not err in concluding it lacked subject-matter jurisdiction to hear all but one of Pointer's claims, nor did it err in concluding that dismissal was warranted on Pointer's sole remaining claim for failure to state a claim upon which relief can be granted. Therefore, the trial court did not err in dismissing Pointer's complaint in its entirety. We overrule Pointer's two assignments of error.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the trial court did not err in sua sponte dismissing Pointer's complaint. Having overruled Pointer's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and BROWN, J., concur.